**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CIVIL ACTION NO. 12-29-JBC**

**VICKIE L. BARNES,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,** **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on Vickie Barnes's appeal from the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). The court will grant the plaintiff's motion, R. 11, insofar as it seeks a remand of the action for further consideration, and will deny the defendant's motion, R. 15, because the administrative decision is not supported by substantial evidence.

At the date of her applications for DIB and for SSI, Barnes was a thirty-four-year-old female with a high-school education who could communicate in English. AR 34.  Prior to her alleged disability, she worked as a legal secretary and dispatcher.  *Id*.  Barnes alleged disability beginning September 1, 2009, as a result of fibromyalgia, irritable bowel syndrome, gastroesophageal reflux disease, extreme fatigue, depression, anxiety and interstitial cystitis.  AR 244, 265.  She filed her claims for DIB and SSI on May 5, 2010.  AR 172, 176.  The claims were denied initially on September 7, 2010, AR 79-80, and upon reconsideration on November

1

16, 2010, AR 81-82.  After a hearing on May 26, 2011, Administrative Law Judge ("ALJ") Don C. Paris determined that Barnes is not disabled under Section 1614(a)(3)(A) of the Social Security Act.  AR 36.  Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F. 3d 1107, 1110 (6th Cir. 1994), the ALJ determined that Barnes has not engaged in substantial gainful activity since September 9, 2009, the alleged disability onset date, AR 28; that she has severe impairments, including polyarthralgia/fibromyalgia, *id.*; that her impairments, either alone or in combination, do not meet or equal a Listing section in the Listing of Impairments, AR 30; that she has the residual functional capacity ("RFC") to perform a restricted range of light-level work, AR 31, and could return to her past relevant work as a legal secretary and dispatcher, AR 34; and that, in the alternative, a significant number of other jobs existed which she could perform, AR 34-35.  The ALJ thus denied her claim for DIB and SSI on June 17, 2011.  AR 35-36.  The Appeals Council denied review on December 8, 2011, AR-1-4, and she commenced this action.

Barnes challenges the ALJ's ruling on the following grounds: (1) the ALJ did not properly deal with the opinions of the treating physicians; (2) the ALJ inappropriately evaluated the evidence concerning the severity of interstitial cystitis under the standards of Social Security Ruling ("SSR") 02-2p; (3) the ALJ did not properly consider the effects of her multiple medications; (4) the administration violated her due process rights regarding the submission of evidence from Dr.

2

Deborah Erickson; (5) the Appeals Council failed to address the evidence from Dr.

Erickson and Dr. Alam Khan; and (6) the ALJ found that she was not fully credible.

The ALJ erred in evaluating the opinion of Dr. Karen Saylor, a treating

source.  A treating physician's opinion is normally entitled to superior weight; when

such an opinion is not given proper deference, the ALJ is required to cite good

reasons for disregarding it.  *See* 20 C.F.R. § 404.1527(d)(2).  The failure of the

administration to follow its own procedural requirements can constitute reversible

error even if the case is otherwise supported by substantial evidence.  *See Wilson*

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).  Part of the rationale

for giving good reasons is to allow a claimant to understand the disposition of her

case, and a failure to follow the procedural requirement is a ground for remand.  *Id.*

In November 2010, Dr. Saylor completed a Fibromyalgia Residual Functional

Capacity Questionnaire in which she indicated that Barnes would be limited to

sedentary-level work restricted from a full range by an inability to ever stoop,

crouch/squat and climb; to sit for more than two hours a day; and to stand/walk

for more than two hours a day.  AR 717-718.  These were far more severe

physical restrictions than those found by the ALJ, which limited her to a restricted

range of light-level work.  AR 31.  The ALJ declined to accept as binding the

opinion of Dr. Saylor despite finding that fibromyalgia was a severe impairment.

AR 32.  The main reason the ALJ cited for rejecting Dr. Saylor's opinion with

regard to the severity of her fibromyalgia restrictions was that the treatment

administered to Barnes for this condition had been conservative and routine in

3

nature. *Id.* However, "conservative" treatment is the norm for fibromyalgia*. See, e.g., Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. App'x 852, 864 (6th Cir. 2011) (rejecting "absence of more aggressive treatment" as a justification for discounting a treating source opinion because "more 'aggressive' treatment is not recommended for fibromyalgia patients").  The ALJ also suggested a lack of objective medical findings and cited normal x-ray results from February 2010 concerning Barnes's feet, hands, and wrists, and x-rays of her left hip and pelvis from May 2010, *Id.,* but objective testing does not confirm the existence or severity of  fibromyalgia.  *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).  "The process of diagnosing fibromyalgia includes (1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials."  *Id*. at 244.  Dr. Saylor noted finding multiple tender points.  AR 715.

The ALJ's reliance on the report of Dr. Carlos Hernandez, a non-examining medical reviewer, does not provide good reasons for rejecting Dr. Saylor's opinion. Dr. Hernandez indicated that Barnes could perform a restricted range of light-level work. AR 680-687.  SSR 96-6p provides that an ALJ may rely upon the opinion of a non-examiner over a treating source under certain conditions, such as when the non-examiner has reviewed a complete record containing the opinion of a specialist who had access to more comprehensive and detailed information than the treating source.  *See Rogers*, 486 F.3d at 245 n.4.  However, Dr. Hernandez saw the record in September 2010.  AR 687.  He did not have access to much of the

4

medical evidence which came into the record after this date, such as Dr. Saylor's November 2010 opinion. Under these circumstances, the opinion of Dr. Hernandez is not sufficient to offset that of Dr. Saylor. Thus, objective evidence appears to support the findings of Dr. Saylor with regard to the condition of fibromyalgia and the ALJ was required to cite good reasons why this opinion was not entitled to superior weight. Therefore, the court will remand the action for further consideration.

The ALJ cited sufficient reasons for rejecting the opinion of Dr. Kathleen Martin, another treating source. Dr. Martin identified extremely severe physical restrictions on an April 2010 Irritable Bowel Syndrome Residual Functional Capacity Questionnaire. AR 563-566. However, the ALJ noted a number of reasons that the medical record did support a finding that irritable bowel syndrome was not a severe impairment, including her lack of weight loss, the absence of a finding of anemia, and the report of a normal abdominal examination in September 2010. AR 29, 698. Thus, the ALJ's rejection of Dr. Martin's opinion was supported by substantial evidence.

The ALJ's finding that interstitial cystitis is not a severe impairment was also not supported by substantial evidence. In November 2010, Dr. Saylor indicated on an Interstitial Cystitis Residual Functional Capacity Assessment Questionnaire that this condition would require unscheduled bathroom breaks up to five times a day for up to ten minutes each, that the symptoms would affect her attention and concentration, and that the condition would cause her to miss four days of work

per month.  AR 709-712.  The ALJ concluded that interstitial cystitis was not a
severe impairment because Barnes had undergone surgery in March 2011 and the
record did not indicate that the condition would continue to affect her ability to
perform work-related activities.  AR 29.  However, a patient's response to
treatment for the condition can be variable, and no one treatment is always
effective.  *See* SSR 02-2p.  Significantly, no physician of record indicated that her
condition, since the surgery, had improved to the point that interstitial cystitis no
longer imposed work-related restrictions.  The ALJ acknowledged that Barnes had
continued to self-catheterize since the surgery.  AR 29, 57.  Furthermore, Barnes
alleged a disability onset date of September 1, 2009,  AR 172,  and even if the
March 2011 surgery completely alleviated the condition, an issue of a closed period
of disability is raised because the condition would arguably have afflicted her for
more than one year, but that issue was not addressed by the ALJ.  Thus, the ALJ
erred in evaluating Barnes's problem with interstitial cystitis, and this provides a
second ground for a remand of the action.

Barnes also argues that the ALJ erred in failing to consider the effects of her
numerous medications on her ability to function in the workplace.  During the
hearing, she testified that fatigue, nausea, drowsiness and constipation were all
problems relating to her medication use.  AR 57-58.  Dr. Saylor indicated that the
medication required by Barnes for her fibromyalgia could result in sedation, vertigo,
and an altered mental state, AR 716.  Medication side effects are a factor to be

6

considered pursuant to 20 C.F.R. § 404.1529(c)(3)(iv).  The ALJ should address this question upon remand.

Barnes alleges that her due process rights were violated when the ALJ denied her request at the administrative hearing to keep the record open until records from Dr. Deborah Erickson had been obtained.  However, the plaintiff's counsel, Debra Lambert, has failed to provide the court with a citation to the administrative record where this request was made and where the ALJ issued his denial as required by the General Standing Order for Social Security cases.  R. 10. Dr. Erickson's pending records were briefly mentioned on pages 68 and 69, but counsel did not request that the record be held open at that point.  AR 68-69. Because the action is being remanded to the Commissioner on other grounds, these additional records will be before the ALJ upon remand, and the court finds no error on this issue.

Barnes complains that the Appeals Council denied her request for review despite the submission of the new and material evidence from Dr. Erickson and misconstrued evidence from Dr. Alam Khan as not relating to the time period prior to the June 17, 2011, date of the ALJ's denial decision; however, a court can review the final decision of the Commissioner only as specified in 42 U.S.C. § 405(g).  *See Wyatt v. Sec'y of Health & Human Servs.,* 974 F.2d 680, 683 (6th Cir. 1992).  Where the Appeals Council considers new evidence but declines to review a claimant's case on the merits, the ALJ's decision is the final decision of the Commissioner.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230,

1233 (6th Cir. 1993).  In such cases, the court may consider the new evidence for the limited purpose of remanding the action for further administrative proceedings only when the plaintiff demonstrates that the evidence is new and material and that good cause exists for failing to present it before the ALJ.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Because the Appeals Council declined review, the ALJ's denial decision is the only one before the court, and the actions of the Appeals Council are not reviewable.

Finally, Barnes raises several issues concerning the ALJ's credibility determination.  The ALJ, noting that Barnes was a mother of three children, indicated that raising children could be very demanding both physically and emotionally and found that her ability to do this undercut the credibility of her complaints concerning how severely restricted she was by her impairments.  AR 32.  Barnes asserts that this statement indicates bias against parents on the part of the ALJ.  A plaintiff bears the burden of overcoming the presumption that policymakers exercising decision-making power exercise it with honesty and integrity.  *See Schweiker v. McClure*, 456 US 188, 195 (1971).  An alleged prejudice on the part of the decision-maker "must be evident from the record and cannot be based on speculation or inference."  *See Navistar International Transportation Corp. v. United States Environmental Protection Agency*, 941 F.2d 1339, 1360 (6th Cir. 1991).  The ALJ cited a number of activities that Barnes undertook as a parent, including getting her children ready for school and keeping up with their school progress.  AR 32.  These are legitimate reasons for questioning

8

the severity of her subjective complaints and under these circumstances the court finds no prejudice.

The ALJ properly rejected the credibility of Barnes's husband's statements that her condition precluded her from holding a full-time job.  AR 34.  This is a medical opinion; Mr. Barnes is not an "acceptable medical source" whose opinion could be binding on the ALJ.  20 C.F.R. § 404.1513.  Thus, the ALJ did not err in discounting this testimony.

Barnes also complains that the ALJ based his credibility assessment on the inaccurate finding that she had required only one change of position during the one hour and twenty minute hearing.  The ALJ had announced at the beginning of the hearing that she would not need to ask permission to change position, AR 44, and Barnes asserts that the ALJ failed to document several position changes.  Upon remand, the ALJ should carefully document position changes by the plaintiff if he wishes to rely upon this as a ground to question her credibility.

The ALJ's decision not being supported by substantial evidence,

**IT IS ORDERED** that Barnes's motion for summary judgment, R. 11, is **GRANTED** in part and **DENIED** in part; the case is **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 15, is **DENIED**.

The court will enter a separate judgment.

9

Signed on January 4, 2013

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY